UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN JOE NIETO,

                    Petitioner,

    v.

JEFFREY UTTECHT,

                    Respondent.

No. C09-5250 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: October 23, 2009**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Mr. Nieto filed this action under 28 U.S.C. § 2254 challenging his 2005 conviction. Dkts 4, 10 (Amended Petition),[1] and a Memorandum in Support. Dkt. 11. Respondent filed an Answer and relevant portions of the record. Dkts. 19 and 20. Respondent argues that the petition is untimely and barred by the statute of limitations under 28 U.S.C. § 2244(d). After careful review of the parties' submissions, relevant portions of the state court procedural record, and the balance of the record, the undersigned agrees that Mr. Nieto's petition is untimely.

---

[1] Mr. Nieto amended his petition to name the appropriate Respondent. Dkt. 10. All references herein to Mr. Nieto's petition are to Dkt. 10.

REPORT AND RECOMMENDATION - 1

## I. PROCEDURAL HISTORY

Mr. Nieto is in state custody at the Coyote Ridge Corrections Center (CRCC) in Connell, Washington. He pled guilty in 2001 to second-degree child rape. Dkt. 20, Exh. 1. The court sentenced him to 102 months of confinement and suspended the sentence. *Id.* The judgment and sentence informed Mr. Nieto that his unpaid financial obligations would accrue interest at the rate specified in RCW 10.82.090. *Id.*, p. 6.

In August 26, 2005, the trial court revoked the suspended sentence and ordered Mr. Nieto committed to the custody of the Department of Corrections' (DOC). *Id.*, Exh. 2. The court further ordered Mr. Nieto to pay $2,000.95 in extradition costs from the State of Georgia. *Id.*, p. 2. Mr. Nieto did not directly appeal his sentence. He admits that he, a Mexican national, was deported to Mexico after he was sentenced. Dkt. 11, p. 1. In 2005, he illegally reentered the United States, was extradited to Washington from Georgia, and on August 26, 2005, the court revoked his suspended sentence. *Id.*, Exh. 2.

On May 30, 2007 and December 16, 2007, Mr. Nieto filed two personal restraint petitions challenging his guilty plea, fines and restitutions, interest charged on his judgment, and restitution scheme. *Id.*, Exh. 3 (Motion to Withdraw Plea) and Exh. 4 (Personal Restraint Petition (PRP), respectively. The Court of Appeals dismissed both petitions. *Id.*, Exh. 5. Mr. Nieto moved for discretionary review. *Id.*, Exh. 6. On December 24, 2008, the Washington Supreme Court denied review. *Id.*, Exh. 7. Mr. Nieto objected to the ruling. *Id.*, Exh. 8. On March 31, 2009, the Washington Supreme Court denied his objection. Id., Exh. 9.

Mr. Nieto filed his federal habeas petition on April 23, 2009. Dkt. 1, p. 15. He challenges his 2001 conviction on the grounds that his plea is not valid because he was not properly advised of the consequences of the plea and/or the effects of a suspended sentence, and

REPORT AND RECOMMENDATION - 2

that his plea is invalid because he did not know that he would have to pay interest on his judgment or additional costs for extradition. Dkt. 6, pp. 1-2.

## II. EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)). On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

(A)    the claim relies on--

    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). It "is not

REPORT AND RECOMMENDATION - 3

required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, "[t]here is no indication from the arguments presented" by Mr. Nieto that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus relief raised in his petition. See *Totten*, 137 F.2d at 1177. The question of whether Mr. Nieto filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this court. Accordingly, an evidentiary hearing is not required.

### III. ISSUES FOR REVIEW

Mr. Nieto raises several issues in his federal habeas petition, which are summarized by the court as follows:

A. CONSEQUENCES OF PLEA. KNOWLEDGE OF PLEA. UNITED STATES CONSTITUTION SIXTH, AND WASHINGTON STATE CONSTITUTION Article 1 § 22. – Petitioner contends that this court must allow him to withdraw his plea because it was not knowingly made.

B. AGREEMENT WITH COURT MANDATORY STATE LAW – Petitioner contends that his guilty plea is invalid because there was no contract for increasing his restitution obligation.

C. LEGISLATIVE LAW – Petitioner contends that the judgment ordering restitution is creating a hardship for him.

D. BURDEN DEPARTMENT OF CORRECTIONS TAKING OF MONEY – Petitioner contends that his income is burdened by DOC mandated costs of confinement.

REPORT AND RECOMMENDATION - 4

Dkt. 11, p. 4.

## IV. DISCUSSION

### A. The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final. *Id*. In general, a judgment becomes final on the date that direct review of the conviction is concluded. 28 U.S.C. § 2254(d)(1); *Wixom v. Washington*, 264 F.3d 894, 896 (9th Cir. 2001). A court must resolve statute of limitations issues before resolving the merits of individual claims. The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id*. at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

    (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).[2]

Because he did not pursue direct appeal, Mr. Nieto's judgment and sentence became final on March 17, 2002, when the time to appeal expired. Dkt. 20, Exh. 1. *See* 28 U.S.C. § 2244(d)(1)(a); RAP 5.2(a)(notice of appeal must be filed in the trial court within 30 days after

---

[2] Pursuant to RCW 10.73.090(1), no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

REPORT AND RECOMMENDATION - 6

the entry of the decision of the trial court which the party filing the notice wants reviewed). It is well established law in Washington that, absent a statute providing otherwise, a judgment and sentence pronouncing the sentence is a final appealable order at the time it is entered, regardless of whether the trial court suspends the execution of the sentence. *State v. Liliopoulos*, 165 Wash. 197, 5 P.2d 319 (1931) (rejecting State's argument that when a sentence was suspended there was no final judgment from which the defendant could appeal; a suspended sentence only suspends the execution of the sentence, not the judgment itself). In a criminal proceeding, a final judgment "ends the litigation, leaving nothing for the court to do but execute the judgment." *In re Detention of Petersen*, 138 Wn.2d 70, 88, 980 P.2d 1204 (1999) (quoting *Anderson & Middleton Lumber Co. v. Quinault Indian Nation*, 79 Wn.App. 221, 225, 901 P.2d 1060 (1995), aff'd, 130 Wn.2d 862 (1996)); see also *State v. Siglea*, 196 Wash. 283, 285, 82 P.2d 583 (1938) ("As a prerequisite to an appeal in a criminal case, there must be a final judgment terminating the prosecution of the accused and disposing of all matters submitted to the court for its consideration and determination."); *Liliopoulos*, 165 Wash. 197 at 199.

As in *Liliopoulos*, the judgment and sentence in Mr. Nieto's case terminated the State's prosecution and pronounced sentence. Thus, it was a final determination of the 2001 second-degree rape charges, and Mr. Nieto was required to appeal his plea-based conviction within 30 days.

Thus, for Mr. Nieto's federal habeas corpus petition to be timely, he had to file it on or before March 16, 2003. He filed his petition here on June 1, 2009. The time that Mr. Nieto's personal restraint petitions were pending in Washington courts from May 30, 2007 until March 31, 2009 is immaterial, because Mr. Nieto filed his personal restraint petitions more than four years after the federal one-year statute of limitations expired on March 17, 2003.

REPORT AND RECOMMENDATION - 7

The fact that the trial court revoked Mr. Nieto's suspended sentence does not mean that his original judgment and sentence was not final when filed or that the revocation of the suspended sentence entitles him to reopen issues that he could have challenged under his original judgment and sentence. As noted above, a judgment is final when it terminates the prosecution of the appellant by the state; merely suspending the execution of the sentence subject to certain conditions does not mean there was no final judgment unless the statute authorizing the suspended sentence specifies that it is not appealable. See *State v. Liliopoulos*, 165 Wash. 197, 210 (1931).[3]

Therefore, Mr. Nieto's federal habeas petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d), because he waited four years after March 17, 2003, when the statute of limitations expired to file his federal habeas petition. Dkt. 1, p. 15.

**B.      Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

---

[3] The result would be the same here even if the date of revocation is considered as the triggering event for the federal statute of limitations. Because the judgment and sentence was revoked on August 26, 2005 and there was no direct appeal, the order of revocation became final on September 25, 2005. Therefore, for a federal habeas corpus petition addressing the order of revocation to be timely, Mr. Nieto had to file it before September 24, 2006.

REPORT AND RECOMMENDATION - 8

To equitably toll AEDPA's one-year statute of limitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quotation marks and citations omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted).

"The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) (citing *Pace*, 544 U.S. at 417, and distinguishing *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008), because petitioner had not relied detrimentally on any prior, subsequently invalidated precedent on tolling). A court cannot interpret the equitable tolling exception so broadly as to displace the statutory limitations that Congress crafted. *Id*. at 1014. Equitable tolling is not available in most cases. *Miles v. Prunty*, 187 F.3d at 1107.

Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (loss of legal materials during 27 day period did not warrant equitable tolling where petitioner did not show the loss prevented filing a petition during the remaining limitations period); *Miles v. Prunty*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th

REPORT AND RECOMMENDATION - 9

Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline).

There are no grounds for equitable tolling in this case. There is no evidence that Mr. Nieto was impeded in his ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Nieto from filing his habeas petition in a prompt fashion. Mr. Nieto filed no reply and provides no explanation for his delay in filing his federal habeas petition.

Accordingly, Mr. Nieto's federal habeas petition is time barred and should be dismissed pursuant to 28 U.S.C. § 2244(d).

## V. CONCLUSION

Mr. Nieto filed his habeas corpus petition several years after the federal statute of limitations period expired. Therefore, Mr. Nieto's federal habeas petition is time-barred and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 23, 2009**, as noted in the caption.

DATED this 5th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10